

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES E. LINDHOLM,

    Plaintiff,

vs.

NEW PENN FINANCIAL, LLC
d/b/a SHELLPOINT
MORTGAGE SERVICING,

    Defendant.
_____/

CASE NO.: 3:18-cv-403-J-39PDB

JURY TRIAL DEMANDED

## COMPLAINT

The Plaintiff, CHARLES E. LINDHOLM, by and through his undersigned attorneys, brings this Complaint for damages against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, and alleges:

1. This is an action for damages against New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant"), for violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"), the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## PARTIES

2. At all relevant times, Charles E. Lindholm ("Lindholm" or "Plaintiff") was and is a resident of Orange Park, Clay County, Florida.

3. At all relevant times, Lindholm was and is a "consumer" pursuant to the FCCPA and the FDCPA. Fla. Stat. § 559.55(8); 15 U.S.C. § 1692a.

4. Lindholm is the subscriber, regular user and carrier of the cellular telephone number 904-XXX-5279 ("Lindholm's Cell").

5. At all relevant times, Lindholm was the "called party" pursuant to the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266 (11th Cir. 2014).

6. At all relevant times, Shellpoint is and was a foreign limited liability company authorized to do business in the state of Florida with a principal address of 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462.

7. At all relevant times, Shellpoint is and was a "debt collector" pursuant to the FCCPA and the FDCPA, and a "person" subject to the provisions of the FCCPA and the TCPA. Fla. Stat. § 559.55(7), 15 U.S.C. § 1692a; Fla. Stat. § 559.72; 47 U.S.C. § 227(b)(1)(A)(iii).

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based upon the federal questions set forth by the Plaintiff pursuant to the FDCPA and the TCPA.

9. This Court has supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367(a), because the facts related to the Defendant's violations of the FCCPA form the same case or controversy as the FDCPA and TCPA claims.

10. Venue is proper because the facts giving rise to the causes of action occurred in Orange Park, Clay County, Florida. 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### The Alleged Debt

11.     In or around August, 2011, Green Tree Servicing, LLC ("Green Tree") acquired the servicing rights for a Note and Mortgage dated July 9, 2007, originally executed by Lindholm for the benefit of Countrywide Home Loans (the "Alleged Debt"). The Alleged Debt is a "consumer debt," as defined by the FCCPA.

12.     In April, 2013, Green Tree filed a Complaint against Lindholm, in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, alleging a breach of the Alleged Debt (the "Foreclosure Lawsuit").

13.     On August 15, 2016, while the Foreclosure Lawsuit was still pending, Shellpoint acquired the servicing rights for the Alleged Debt from Ditech Financial, LLC f/k/a Greentree (Ditech Financial, LLC and GreenTree will collectively be referred to herein as "GreenTree"). A copy of an August 19, 2016 Letter from Shellpoint to Lindholm, advising him of the transfer, is attached hereto as Exhibit "A."

### Shellpoint's Knowledge of Lindholm's Retention of Counsel and Shellpoint's Lack of Consent

14.     On June 12, 2013, the undersigned sent correspondence to Green Tree's counsel in the Foreclosure Lawsuit, advising that all communication and correspondence with Lindholm should be directed to his counsel. A copy of the June 12, 2013 correspondence is attached hereto as Exhibit "B."

15.     On July 2, 2013 Lindholm advised a Green Tree representative by phone, that he had an attorney and that all future communication and correspondence should be

3

addressed to his attorney. *See*, Green Tree's Comment Inquiry Notes from July 2, 2013, documenting Lindholm's instructions to contact his attorney ("he stated that we need to be in contact with his attorney."). A copy of Green Tree's Comment Inquiry Notes from July 2, 2013 are attached hereto and incorporated by reference as Exhibit "C."

16. When Shellpoint acquired the servicing rights for the Alleged Debt from GreenTree, it "reviewed the records of the prior servicing agents pertaining to the [Alleged Debt] … and … incorporated the records of the prior servicing agents into its records." *See*, Affidavit of Sarah M. Ellinger, dated January 24, 2018, without exhibits, filed by Shellpoint in the Foreclosure Lawsuit ("Ellinger Affidavit"). A copy of the Ellinger Affidavit is attached hereto and incorporated by reference as Exhibit "D."

17. Shalana T. Serrette testified at her deposition in the Foreclosure Lawsuit as a Corporate Representative of Shellpoint that Shellpoint "rel[ies] on the comment notes made by prior servicers" and at her deposition on February 6, 2018, was able to provide testimony related to communications and correspondence between Lindholm and GreenTree from 2012, based upon GreenTree's Comment Inquiry Notes. *See*, Depo. of Shalana T. Serrette, 96:24-97:23. A copy of the relevant portion of the deposition of Shalana T. Serrette is attached hereto and incorporated by reference as Exhibit "E."

18. According to Shellpoint's "Comments" for the Alleged Debt ("Shellpoint's Comment Log"), Shellpoint updated Lindholm's "home phone number to \*\*\*-\*\*\*-7940" on August 22, 2016, pursuant to "Accurint Phones" records ("Home Number"). *See*, Shellpoint's Comment Log for August 22, 2016. A copy of the August 22, 2016 entry on Shellpoint's Comment Log is attached hereto as Exhibit "F."

19. On February 15, 2017, Shellpoint's Comment Log indicates that "OC appeared" at a Case Management Conference on January 12, 2017 in the Foreclosure Lawsuit. A copy of the February 15, 2017 entry on Shellpoint's Comment Log is attached hereto as Exhibit "G."

20. On July 11, 2017, Shellpoint called Lindholm's Cell and after answering the call, Lindholm specifically told the Shellpoint representative to stop calling and that all communication and correspondence should be sent to his attorney. *See*, July 11, 2017 entry on Shellpoint's Comment Log, a copy of which is attached hereto as Exhibit "H."

21. On September 26, 2017, Shellpoint called Lindholm's Cell and Lindholm again advised the Shellpoint representative that he had an attorney and that Shellpoint should not be contacting him.

22. On October 11, 2018, Shellpoint called Lindholm's Cell and Lindholm advised the Shellpoint representative that he had an attorney and all calls should be directed to his attorney. Lindholm also advised the Shellpoint representative to remove all of the phone numbers on his account, including and specifically the cellular telephone number (904-XXX-5279) they were calling on that day.

23. The specific and direct notifications from Lindholm to Shellpoint, referenced in Paragraphs 20 through 22, are not the only instances wherein Shellpoint was advised of Lindholm's representation by counsel and his instruction to remove his phone number(s) from Shellpoint's records and to stop calling his cellular telephone number (904-XXX-5279).

### Shellpoint's Telephonic Communications

24. From the time Shellpoint acquired the servicing rights for the Alleged Debt, until present, at least thirty (30) phone calls have been made to Lindholm's Cell, by, through or on behalf of Shellpoint.

25. From the time Shellpoint acquired the servicing rights for the Alleged Debt, until present, at least fourteen (14) phone calls have been made to Lindholm's Cell by an automatic telephone dialing system, by, through or on behalf of Shellpoint.

26. From the time Shellpoint acquired the servicing rights for the Alleged Debt, until present, at least eighty (80) phone calls have been made to the Home Number identified in Shellpoint's records, by, through or on behalf of Shellpoint.

27. From the time Shellpoint acquired the servicing rights for the Alleged Debt, until present, at least fifty (50) phone calls have been made to the Home Number by an automatic telephone dialing system, by, through or on behalf of Shellpoint.

28. Shellpoint has a corporate policy to use an Automatic Telephone Dialing System, as defined by the TCPA, and other lawsuits are pending against Shellpoint alleging the same or similar facts, allegations and violations, as set forth herein.

29. Shellpoint intentionally harassed and abused Lindholm on many occasions, by calling multiple times on the same day, multiple times in the same two-hour time period, on back-to-back days, with such frequency as can be expected to harass Lindholm and while knowing the Foreclosure Lawsuit was pending and that Lindholm was represented by counsel.

30. Lindholm never provided Shellpoint with express consent, or any consent, to call him on his cellular telephone (904-XXX-5279) or on any other phone number, with an Automatic Telephone Dialing System, as described by the TCPA.

31. Lindholm specifically advised Shellpoint, on numerous occasions, to not contact him on his cellular telephone, or any other phone number; and had also provided notice to Shellpoint's predecessor, Green Tree, that he was represented by counsel and that all communication and correspondence should be made through counsel.

32. In the event Shellpoint mistakenly believed it had Lindholm's express consent to contact him on his cellular telephone with an Automatic Telephone Dialing System, Lindholm expressly revoked that consent on several occasions, as described herein.

33. Each call made by Shellpoint to Lindholm was made for the purpose of collecting the Alleged Debt.

34. Each of Shellpoint's calls to Lindholm have caused Lindholm to suffer harm, including but not limited to an invasion of privacy and nuisance, the exact harm that Congress sought to prevent by enacting the TCPA.

35. Shellpoint's phone calls to Lindholm intruded upon Lindholm's seclusion and caused harm to Lindholm by wasting his time. Each time Shellpoint called Lindholm's Cell and Lindholm answered the call, Lindholm had to notify the undersigned because of the Foreclosure Lawsuit, which wasted Lindholm's time and caused him to incur additional attorneys' fees in the Foreclosure Lawsuit. The calls made to Lindholm's Cell caused him to use minutes allocated to him by his cellular telephone service provider pursuant to an agreement with said provider, and caused the battery on Lindholm's Cell to deplete.

36. Defendant has retained the Law Offices of Fred Tromberg to represent him in this action.

## COUNT I
### (Florida Consumer Collection Practices Act)

37. The allegations of Paragraphs 1 through 36, herein, inclusive, are realleged.

38. This is an action at law pursuant to the FCCPA.

39. Shellpoint violated Section 559.72(7), Florida Statutes, by willfully communicating with Lindholm or any member(s) of his family with such frequency as can reasonably be expected to harass the debtor or his family, especially considering and despite being advised and having actual knowledge of Lindholm's retention of counsel regarding the Alleged Debt and that all communication and correspondence was to be directed to his counsel.

40. Shellpoint violated Section 559.72(9), Florida Statutes, by claiming, attempting, or threatening to enforce a debt when Shellpoint knew the Alleged Debt was not legitimate and that Lindholm had made all the payments required by the Note and Mortgage.

41. Shellpoint violated Section 559.72(19), Florida Statutes, by communicating with Lindholm when Shellpoint knew Plaintiff was represented by counsel with respect to the Alleged Debt.

42. Shellpoint's violations of the FCCPA entitle Lindholm to damages pursuant to Section 559.77, Florida Statutes, which includes but is not limited to statutory damages, actual damages, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, CHARLES E. LINDHOLM, demands judgment against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING for all available statutory and actual damages, his reasonable attorneys' fees and costs, a trial by jury on all issues so triable, and such other relief as the Court may deem just and proper.

## COUNT II
### (Fair Debt Collection Practices Act)

43. The allegations of Paragraphs 1 through 36, herein, inclusive, are realleged.

44. This is an action at law pursuant to the FDCPA.

45. Shellpoint violated Title 15 of the United States Code, Section 1692c(a)(2), by communicating with Lindholm when Shellpoint knew Lindholm was represented by an attorney with respect to the Alleged Debt.

46. Lindholm never provided Shellpoint with consent to contact any third party with respect to the Alleged Debt, and Shellpoint violated Title 15 of the United States Code, Section 1692c(b), by communicating with third parties with respect to the Alleged Debt, without said consent by Lindholm.

47. Shellpoint violated Title 15 of the United States Code, Section 1692c(c), by communicating with Lindholm after Lindholm, through counsel, notified Shellpoint in writing that all communication with Lindholm was to cease, and that all communication was to be through his counsel.

48. Shellpoint's violations of the FDCPA entitle Lindholm to damages pursuant to Title 15 of the United States Code, Section 1692k, Lindholm, which includes but is not limited to statutory damages, actual damages, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, CHARLES E. LINDHOLM, demands judgment against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING for all available statutory and actual damages, his reasonable attorneys' fees and costs, a trial by jury on all issues so triable, and such other relief as the Court may deem just and proper.

## COUNT III
### (Telephone Consumer Protection Act)

49. The allegations of Paragraphs 1 through 36, herein, inclusive, are realleged.

50. This is an action at law pursuant to the TCPA.

51. Shellpoint violated Title 47 of the United States Code, Section 227(b)(1)(A)(iii), by making calls to Lindholm's Cell using an Automatic Telephone Dialing System or an artificial or prerecorded voice for a non-emergency purpose, without Lindholm's express consent.

52. Shellpoint violated Title 47 of the United States Code, Section 227(b)(1)(B), by making calls to a residential telephone line (the Home Number) using an artificial or prerecorded voice for a non-emergency purpose for the purpose of collecting the Alleged Debt, without Lindholm's express consent.

53. In the event Shellpoint ever had Lindholm's consent to call the Home Number or Lindholm's Cell, said consent was revoked by Lindholm, on several occasions, as described herein.

54. Shellpoint's violations of the TCPA entitle Lindholm to statutory damages pursuant to Title 47 of the United States Code, Section 227(b)(3).

55. The violations of the TCPA by Shellpoint, described herein, were made willfully or knowingly, especially considering the number of times Lindholm advised Shellpoint to cease all communications, Shellpoint's knowledge of Lindholm's retention of counsel in the Foreclosure Lawsuit and Lindholm's revocation of any express consent Shellpoint mistakenly believed had been previously provided by Lindholm.

WHEREFORE, Plaintiff, CHARLES E. LINDHOLM, demands judgment against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING for all available statutory damages, including treble damages as applicable, a trial by jury on all issues so triable, and such other relief as the Court may deem just and proper.

**LAW OFFICES OF FRED TROMBERG**

By: /s/ Antoinette Burgess
Antoinette Burgess, Esq. (FBN: 0059241)
Primary E-Mail: aburgess@tromberglaw.com
Secondary E-Mail: mtisdell@tromberglaw.com
4925 Beach Boulevard
Jacksonville, FL 32207
Telephone: (904) 396-5321
Facsimile: (904) 396-5730