**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES E. LINDHOLM,

    Plaintiff,                                    CASE NO.: 3:18-cv-00403-BJD-PDB

vs.                                                **JURY TRIAL DEMANDED**

NEW PENN FINANCIAL, LLC
d/b/a SHELLPOINT
MORTGAGE SERVICING,

    Defendant.
_____/

**AMENDED COMPLAINT**

The Plaintiff, CHARLES E. LINDHOLM, by and through his undersigned attorneys, brings this Amended Complaint for damages against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, and alleges:

1.    This is an action for damages against New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.    At all relevant times, Charles E. Lindholm ("Lindholm" or "Plaintiff") was and is a resident of Orange Park, Clay County, Florida.

3.    Lindholm is the subscriber, regular user and carrier of the cellular telephone number 904-XXX-5279 ("Lindholm's Cell" or "Cell Phone") and at all relevant times, Lindholm was the "called party" pursuant to the TCPA.

4. At all relevant times, Shellpoint was and is a foreign limited liability company authorized to do business in the state of Florida with a principal address of 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462.

5. At all relevant times, Shellpoint was and is a "person" subject to the provisions of the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based upon the federal questions set forth by the Plaintiff pursuant to the TCPA.

7. Venue is proper because the facts giving rise to the causes of action occurred in Orange Park, Clay County, Florida. 28 U.S.C. § 1391(b)(2).

8. In April, 2013, Green Tree Servicing, LLC n/k/a Ditech Financial, LLC ("Green Tree") filed a Complaint against Lindholm, in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, alleging a breach of a Note and Mortgage dated July 9, 2007 (the "Alleged Debt") (the "Foreclosure Lawsuit").

9. On June 12, 2013, Green Tree was notified, through its counsel, that it should not communicate directly with Lindholm, and that all communication and correspondence with Lindholm should be directed to his counsel. A copy of the June 12, 2013 correspondence is attached hereto as Exhibit "A."

10. On July 2, 2013 Lindholm advised a Green Tree representative by phone, that all future communication and correspondence should be addressed to his attorney. *See*, Green Tree's Comment Inquiry Notes from July 2, 2013 ("he stated that we need to be in contact with his attorney"). A copy of Green Tree's Comment Inquiry Notes from July 2, 2013 are attached hereto and incorporated by reference as Exhibit "B."

11. On August 15, 2016, Shellpoint acquired the servicing rights for the Alleged Debt, and maintained the Foreclosure Lawsuit on behalf of the alleged owner of the Note, until the case was dismissed in February, 2018. A copy of an August 19, 2016 Letter from Shellpoint to Lindholm, advising him of the transfer, is attached hereto as Exhibit "C."

12. When Shellpoint acquired the servicing rights for the Alleged Debt from GreenTree, it "reviewed the records of the prior servicing agents pertaining to the [Alleged Debt] … and … incorporated the records of the prior servicing agents into its records." *See*, Affidavit of Sarah M. Ellinger, dated January 24, 2018, without exhibits, filed by Shellpoint in the Foreclosure Lawsuit ("Ellinger Affidavit"). A copy of the Ellinger Affidavit is attached hereto and incorporated by reference as Exhibit "D."

13. Shellpoint's corporate representative provided testimony in the Foreclosure Lawsuit based upon GreenTree's Comment Inquiry Notes, and testified that Shellpoint "rel[ies] on the comment notes made by prior servicers." *See*, Depo. of Shalana T. Serrette, 96:24-97:23. A copy of the relevant portion of the deposition of Shalana T. Serrette is attached hereto and incorporated by reference as Exhibit "E."

14. On July 7, 2017, Shellpoint called Lindholm's Cell and after answering the call, Lindholm specifically told the Shellpoint representative to stop calling because the file was in active litigation.

15. On July 11, 2017, Shellpoint called Lindholm's Cell and after answering the call, Lindholm specifically told the Shellpoint representative to stop calling and that all communication and correspondence should be sent to his attorney. *See*, July 11, 2017 entry on Shellpoint's Comment Log, a copy of which is attached hereto as Exhibit "F."

16. On August 10, 2017, the undersigned attorney sent an e-mail to Shellpoint's counsel in the Foreclosure Lawsuit, notifying him that Shellpoint had contacted Lindholm directly, despite the pending litigation and previous instructions not to call Lindholm. A copy of the August 10, 2017 e-mail, with Shellpoint counsel's response, is attached hereto and incorporate by reference as Exhibit "G."

17. On September 26, 2017, Shellpoint called Lindholm's Cell and Lindholm again advised the Shellpoint representative that he had an attorney and that Shellpoint should not be contacting him directly.

18. On October 6, 2017, Shellpoint called Lindholm's Cell and Lindholm told Raquel, the Shellpoint representative, that Shellpoint should not be contacting him and that Shellpoint did not have consent to contact him on his Cell Phone or any other number.

19. On October 11, 2018, Shellpoint called Lindholm's Cell and Lindholm advised the Shellpoint representative that he had an attorney and all calls should be directed to his attorney. Lindholm also advised the Shellpoint representative to remove all of the phone numbers on his account, including and specifically his Cell Phone.

20. The specific and direct notifications from Lindholm to Shellpoint, referenced in Paragraphs 14 through 19, are not the only instances wherein Shellpoint was advised to not contact Lindholm on his Cell Phone.

21. From the time Shellpoint acquired the servicing rights for the Alleged Debt, until present, Shellpoint has routinely and regularly called Lindholm's Cell, or caused Lindholm's Cell to be called, both directly and through an Automatic Telephone Dialing System, as described by the TCPA ("ATDS").

22. According to Shellpoint's "Comments" for the collection of the Alleged Debt, many of the calls made to Lindholm's Cell were "setup by" a "POMDialer." The calls made by the "POMDialer" were regularly made twice in the same day, and were routinely made within minutes of that same time on multiple days, i.e., calls were made to Lindholm's Cell from the "POMDialer" on July 19, 2017 at 2:36 p.m. and 3:29 p.m.; August 2, 2017 at 2:34 p.m. and 3:28 p.m.; and, on August 23, 2017 at 2:32 p.m. and 3:27 p.m. Copies of the pages from Shellpoint's "Comments," produced in the Foreclosure Lawsuit, reflecting the July 19, August 2 and August 23, 2017 phone calls are attached hereto and incorporated by reference as Composite Exhibit "H."

23. On many of the occasions wherein Lindholm answered a call to his Cell Phone from Shellpoint, there would be a pause before he would be connected to a "live person." Lindholm could, and can, typically tell when a "live person" calls him, or when an ATDS is used, based upon the way the call is connected.

24. Lindholm never gave Shellpoint consent to contact him on his Cell Phone, or to contact him through an ATDS, and Lindholm has no knowledge as to how Shellpoint became aware of his Cell Phone.

25. In the event Shellpoint mistakenly believed it had Lindholm's express consent to contact him on his Cell Phone with an ATDS, Lindholm expressly revoked that consent on several occasions, as described herein.

26. Shellpoint has a corporate policy to use an ATDS, and other lawsuits are pending against Shellpoint alleging the same or similar facts, allegations and violations, as are set forth herein.

27. Shellpoint violated Title 47 of the United States Code, Section 227(b)(1)(A)(iii), by making calls to Lindholm's Cell using an ATDS or an artificial or prerecorded voice for a non-emergency purpose, without Lindholm's express consent.

28. Shellpoint's violations of the TCPA entitle Lindholm to statutory damages pursuant to Title 47 of the United States Code, Section 227(b)(3).

29. Each of Shellpoint's calls to Lindholm have caused Lindholm to suffer harm, including but not limited to an invasion of privacy and nuisance, the exact harm that Congress sought to prevent by enacting the TCPA.

30. Shellpoint's phone calls to Lindholm intruded upon his seclusion and caused harm to Lindholm by wasting his time. Each time Shellpoint called Lindholm's Cell and Lindholm answered the call, Lindholm notified his attorney because of the Foreclosure Lawsuit, which wasted Lindholm's time. The calls made to Lindholm's Cell caused him to use minutes allocated to him by his cellular telephone service provider pursuant to an agreement with said provider, and caused the battery on Lindholm's Cell to deplete.

31. The violations of the TCPA by Shellpoint, described herein, were made willfully or knowingly, especially considering the number of times Lindholm advised Shellpoint to cease all communications, Shellpoint's knowledge of Lindholm's retention of counsel in the Foreclosure Lawsuit and Lindholm's revocation of any express consent Shellpoint mistakenly believed had been previously provided by Lindholm.

WHEREFORE, Plaintiff, CHARLES E. LINDHOLM, demands judgment against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING for all available statutory damages, including treble damages as applicable, a

trial by jury on all issues so triable, and such other relief as the Court may deem just and proper.

DATED, this  4th  day of June, 2018, at Jacksonville, Duval County, Florida.

**LAW OFFICES OF FRED TROMBERG**

By: /s/ Antoinette Burgess
Antoinette Burgess, Esq. (FBN: 0059241)
Primary E-Mail: aburgess@tromberglaw.com
Secondary E-Mail: mtisdell@tromberglaw.com
4925 Beach Boulevard
Jacksonville, FL 32207
Telephone: (904) 396-5321
Facsimile: (904) 396-5730

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF transmittal this  4th  day of June, 2018, to Justin E. Hekkanen, Esq. and David M. Applegate, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, Florida 322202 and William P. Heller, Esq., Akerman, LLP, Las Olas Centre II, 350 East Las Olas Blvd., Suite 1600, Ft. Lauderdale, Florida 33301.

/s/ Antoinette Burgess
Attorney